UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BANK OF NEW YORK MELLON, *formerly known as The Bank of New York, as trustee for the holders of the certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-FA6, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the trustee under the Pooling and Servicing Agreement,*

                  Plaintiff,

-v.-

ALFONSO AMELIO, SIGNATURE BANK, RALPH J. PELOSI, III, VALLEY NATIONAL BANK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD FIRST HORIZON HOME LOAN CORPORATION, AND "JOHN DOE #1" TO "JOHN DOE #10," *the last 10 names being fictitious and unknown to plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the mortgaged premises described in the verified Complaint,*

                  Defendants.

24 Civ. 6630 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    During the November 6, 2024 pretrial conference held by this Court to discuss Mr. Amelio's notice of removal, Mr. Amelio indicated that he wished to provide supplemental briefing. After granting his request and granting extensions for the time to file (Dkt. #8, 11), the Court received Mr. Amelio's

supplemental brief and affirmation in support of the supplemental brief. No further briefing is necessary unless and until the Court orders the same.

In addition to making arguments in further support of his notice of removal, Mr. Amelio advances a one-sentence argument that this Court has "investments related to the plaintiff," and wishes that the Court address this issue in resolving the matter. Canon 3C(1)(c) of the Code of Conduct for United States Judges provides that a judge must disqualify herself in a proceeding where she "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding." But "ownership in a mutual or common investment fund that holds securities is *not* a 'financial interest' in such securities unless the judge participates in the management of the fund." *Huebner* v. *Midland Credit Mgmt., Inc.*, No. 14 Civ. 6046 (BMC), 2015 WL 1966280, at *2 (E.D.N.Y. May 1, 2015) (emphasis added), *aff'd*, 897 F.3d 42 (2d Cir. 2018). Here, the Court does not have a financial interest related to Plaintiff. Accordingly, Exhibit B of the supplemental brief and affirmation will be filed under seal.

SO ORDERED.

Dated: January 16, 2025
New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge