UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>                        Plaintiff,<br><br>-v.-<br><br>ALFONSO AMELIO; SIGNATURE BANK; RALPH J. PELOSI, III; VALLEY NATIONAL BANK; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD FIRST HORIZON HOME LOAN CORPORATION; JOHN DOE #1 TO JOHN DOE #10,<br><br>                        Defendants. | 24 Civ. 6630 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On August 26, 2024, Defendant Mr. Amelio removed this case from the Supreme Court of the State of New York, Bronx County. (Dkt. #1). On November 6, 2024, the Court held a pretrial conference to discuss Mr. Amelio's notice of removal. At Mr. Amelio's request, the Court permitted him to submit supplemental briefing on or before November 20, 2024. (Dkt. #6). After generous extensions, Mr. Amelio submitted his supplemental brief in support of removal on January 16, 2025. (Dkt. #13). On April 2, 2025, Plaintiff Bank of New York Mellon appeared in this action, arguing that this federal action must be dismissed and requesting a pre-motion conference, in accordance with this Court's Individual Rules. (Dkt. #17). Because Plaintiff articulated its arguments for dismissal in its letter, and because the Court is familiar with the facts of this case, the Court dispensed with its requirement for a pre-motion conference and accepted Plaintiff's letter as its motion to dismiss. (Dkt. #18).

On June 12, 2025, Mr. Amelio filed his response. (Dkt. #23). On June 26, 2025, Plaintiff filed its reply in further support of its motion to dismiss. (Dkt. #24).

After reviewing the submissions, on June 30, 2025, the Court granted the motion to dismiss in its entirety. (Dkt. #26). The Court expressed that it understood that Mr. Amelio and his brother have experienced a series of hardships, but that those hardships did not change the dispositive fact that the time for Mr. Amelio to remove this action to federal court lapsed over ten years ago. *See* 28 U.S.C. § 1446(b)(1).

Now before the Court is Mr. Amelio's July 29, 2025 request for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and Local Rule 6.3. Federal Rules of Civil Procedure 59(e) and 60(b) and Local Civil Rule 6.3 govern motions for reconsideration, depending on the type of order at issue and the relief sought. *See Zayas* v. *Banks*, No. 22 Civ. 7112 (KPF), 2024 WL 1657880, at *3 (S.D.N.Y. Apr. 17, 2024); *Silverberg* v. *DryShips Inc.*, No. 17 Civ. 4547 (SJF), 2018 WL 10669653, at *2 (E.D.N.Y. Aug. 21, 2018); *United States* v. *Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362*, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014); Fed. R. Civ. P. 59(e) (motion to alter or amend judgment), 60(b) (motion for relief from judgment or order); Local Civ. R. 6.3 (motion for reconsideration). All reconsideration motions are subject to a "strict" standard, *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and will be granted "only when the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the

2

need to correct a clear error or prevent manifest injustice,'" *SEC* v. *Gottlieb*, No. 98 Civ. 2636 (LAP), 2021 WL 5450360, at *2 (S.D.N.Y. Nov. 22, 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

"The standards for relief under Local Civil Rule 6.3 and Rule 59(e) are 'identical.'" *Ramirez* v. *United States*, No. 05 Civ. 4179 (SAS), 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013). "Local Civil Rule 6.3 requires that a party seeking reconsideration set forth 'the matters or controlling decisions which counsel believes the Court has overlooked,' and such a motion shall only be granted if the Court determines that the factual matters or controlling precedent was, in fact, overlooked, 'on the underlying motion and that would have changed its decision.'" *Yelle* v. *Mount St. Mary Coll.*, No. 18 Civ. 10927 (PMH), 2021 WL 311213, at *2 n.1 (S.D.N.Y. Jan. 29, 2021), *aff'd sub nom. Yelle* v. *Mount Saint Mary Coll.*, No. 21-480-cv, 2022 WL 1715979 (2d Cir. May 27, 2022) (summary order).

Mr. Amelio has not articulated any factual matters or controlling precedent that was overlooked on the underlying motion or that would have changed this Court's decision. Accordingly, the Court DENIES the motion for reconsideration.

The Clerk of Court is directed to terminate the pending motion at docket entry 30, and to mail a copy of this Order to Mr. Amelio at his address of record.

SO ORDERED.

Dated: August 22, 2025
       New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge